**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elkino Dawkins, Sr, | No. CV-26-00187-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Capital One Financial Corporation, | |
| Defendant. | |

Plaintiff Elkino Dawkins Sr. initiated this action by filing a pro se Complaint (Doc. 1) and an Application for Leave to Proceed in Forma Pauperis ("IFP Application") (Doc. 2). Plaintiff later filed a second IFP Application. (Doc. 6.) For the following reasons, the Court will grant the first IFP Application, deny the second IFP Application as moot, and will dismiss the Complaint without leave to amend.

## I.      Applications for Leave to Proceed in Forma Pauperis

The Court may authorize the commencement and prosecution of any action without prepayment of fees if a litigant submits an affidavit showing that he is unable to pay the fees. 28 U.S.C. § 1915(a)(1). In his first IFP Application, Plaintiff avers that he is unemployed, that his average monthly expenses exceed his average monthly income, that he has no savings, and that he is homeless. (Doc. 2.) The Court finds that Plaintiff is unable to pay the filing fees for this action and will grant Plaintiff's first IFP Application. Since the Court will grant Plaintiff's first IFP Application, Plaintiff's second IFP Application will

be denied as moot.[1]

## II.   Statutory Screening of Complaints

The Prison Litigation Reform Act states that a district court "shall dismiss" an in forma pauperis complaint if, at any time, the court determines that the action "is frivolous or malicious" or that it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Section 1915(e) "applies to all in forma pauperis complaints, not just those filed by prisoners." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The Court must "construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A complaint filed by a pro se litigant "must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (internal quotation omitted). Nevertheless, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

If the Court determines that a pleading could be cured by the allegation of other

---

[1] The Court notes that Plaintiff's second IFP Application indicates a higher average monthly income and no monthly expenses.  (Doc. 6.)  Despite that discrepancy, the second IFP Application indicates, consistently with the first IFP Application, that Plaintiff is homeless, with no assets and no savings.  (*Id.*)  Accordingly, both IFP Applications support a finding that Plaintiff is unable to pay the filing fees for this action.

facts, a pro se litigant is entitled to an opportunity to amend before dismissal of the action. *See Lopez*, 203 F.3d at 1127–29.

### III.    Complaint

In this action, Plaintiff asserts a claim under the Fourth Amendment, seeking monetary damages of $400. (Doc. 1 at 3-4.) Plaintiff alleges that Defendant "refuse[s] to return transferred money" to him or the sender. (*Id.* at 4.)

### IV.    Discussion

Plaintiff fails to state a claim upon which relief may be granted. The Fourth Amendment guarantees the right to be free from unreasonable searches and seizures. U.S. Const. amend. IV. It is well-settled, however, that the Fourth Amendment protects only against searches and seizures made under "governmental action." *Burdeau v. McDowell*, 256 U.S. 465, 475 (1921); *see also United States v. Ogden*, 485 F.2d 536, 538 (9th Cir. 1973) (holding that "[t]he Fourth Amendment was intended to restrain the activities of the sovereign"). It does not protect against conduct by private parties unless they act as agents or instruments of the government. *United States v. Rosenow*, 50 F.4th 715, 728–29 (9th Cir. 2022). Furthermore, a plaintiff may seek monetary damages for an alleged constitutional violation under 42 U.S.C. § 1983 only if the conduct complained of was committed by a person acting under color of state law. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Here, Plaintiff appears to contend that Defendant unreasonably withheld transferred money, but even assuming that this allegation is true, the action or inaction by Defendant in withholding the money does not give rise to a Fourth Amendment claim, because Defendant is not a governmental body but a private entity. Furthermore, Plaintiff alleges no facts showing that Defendant acted as an agent or instrument of a government in withholding his money. Accordingly, Plaintiff has failed to state a claim under the Fourth Amendment, and his Complaint will be dismissed.

### V.    Leave to Amend

Federal Rule of Civil Procedure 15(a) states that leave to amend "shall be freely

given when justice so requires." In determining whether to grant leave to amend, courts consider the following factors: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Here, it is clear that the deficiencies of Plaintiff's Complaint cannot be cured through further amendment because the only claim Plaintiff has asserted is for a violation of the Fourth Amendment, and the only Defendant against whom he has asserted that claim is a private entity that is not subject to the strictures of the Fourth Amendment. Accordingly, the Court will deny leave to amend.

Accordingly,

**IT IS ORDERED:**

(1)   Plaintiff's first Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

(2)   Plaintiff's second Application to Proceed In Forma Pauperis (Doc. 6) is **denied as moot**.

(3)   Plaintiff's Complaint (Doc. 1) and this action are **dismissed**. The Clerk of Court is directed to enter judgment accordingly and close this case.

Dated this 8th day of June, 2026.

_____
Honorable Rosemary Márquez
United States District Judge

- 4 -